IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHRISTINA LIPPY, et al.,** | : | |
| *Plaintiffs,* | : | |
| v. | : | Civil No. PJM-10-627 |
| **UNITED STATES OF AMERICA,** | : | |
| *Defendant.* | : | |
| | : | |

...o0o...

## ANSWER

Defendant United States of America answers the numbered paragraphs of Plaintiffs' Complaint as follows:

1. The allegations in paragraph 1 contain legal conclusion to which no response is required. To the extent that a response is required, the United States denies the allegations.

2. The allegations in paragraph 2 contain legal conclusions to which no response is required. To the extent that a response is required, the United States denies the allegation.

3. The allegations in paragraph 3 contain legal conclusions to which no response is required. To the extent that a response is required, the United States admits that Plaintiffs herein have served the Complaint upon the Attorney General and the United States Attorney.

4. The United States admits only that the accident that is the subject of Plaintiffs' Complaint occurred in Southern Maryland. Except as expressly admitted herein, the United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4, and therefore denies them.

5. The United States admits the allegations asserted in Paragraph 5.

6. The United States admits that, as of the date of filing of Plaintiffs' Complaint, the Federal Aviation Administration ("FAA") had not responded to Plaintiffs' administrative claim. Except as expressly admitted herein, the allegations contained in paragraph 6 are denied.

7. The United States admits only that Plaintiffs have apparently elected to file suit in accordance with 28 U.S.C. § 2678(a). Except as expressly admitted herein, the allegations of paragraph 7 are denied.

8. The United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8, and therefore denies them.

9. The United States admits only that the FAA, which is an agency of the United States, employs air traffic controllers who provide air traffic services to certain aircraft operating within the National Airspace System. Except as expressly admitted herein, the allegations in paragraph 9 are denied.

10. The United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10, and therefore denies them.

11. The United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11, and therefore denies them.

12. The United States admits the allegations asserted in Paragraph 12.

13. The United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13, and therefore denies them.

14. The United States admits only that on September 27, 2008, the helicopter operating as Trooper 2 picked up motor vehicle accident victims near the Waldorf, Maryland area and subsequently departed with an intended destination of Prince George's Hospital ("PGH") in Cheverly, Maryland. Except as expressly admitted herein, the United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14, and therefore denies them.

15. The United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15, and therefore denies them.

16.     The United States admits only that on September 27, 2008, the pilot of the helicopter operating as Trooper 2, while en route to PGH, diverted to Andrews Air Force Base ("ADW").  Except as expressly admitted herein, the United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16, and therefore denies them.

17.     The United States admits only that the transcript of communications between the Potomac Terminal Radar Approach facility and the pilot of Trooper 2 indicates that on September 28, 2008 at 0348:08 Universal Time Coordinated ("UTC"), the pilot of Trooper 2 transmitted, "Potomac Approach Trooper two uh we tried to make a medevac up to PG Hospital we're about seven miles northwest of Andrews would like to climb to two thousand feet and shoot an approach into uh runway one left at Andrews." Except as expressly admitted herein, the United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17, and therefore denies them.

18.     The United States admits only that on September 27, 2008, the helicopter operating as Trooper 2 flew in airspace wherein FAA air traffic controllers provided certain air traffic services.  Except as expressly admitted herein, the allegations in paragraph 18 are denied.

19.     The United States admits only that the pilot of Trooper 2 was in radio contact with FAA air traffic controllers who provided certain air traffic services to

4

Trooper 2 on September 27, 2008 while acting in the course and scope of their employment. Except as expressly admitted herein, the allegations in paragraph 19 are denied.

20.     The United States admits only that on September 27, 2008, FAA air traffic controllers provided certain weather information to the pilot of Trooper 2. Except as expressly admitted herein, the allegations in paragraph 20 are denied.

21.     The United States denies the allegations in paragraph 21.

22.     The United States denies the allegations in paragraph 22.

23.     The United States denies the allegations in paragraph 23.

24.     The United States denies the allegations in paragraph 24.

25.     The United States admits only that the transcript of communications between ADW and the pilot of Trooper 2 indicates that on September 28, 2008 at 0356:45 UTC, the pilot of Trooper 2 transmitted, "Andrews tower Trooper two I'm not picking up the glidescope." Except as expressly admitted herein, the United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25, and therefore denies them.

26.     The United States admits only that the transcript of communications between ADW and the pilot of Trooper 2 indicates that on September 28, 2008 at 0356:50 UTC, the ADW air traffic controller transmitted, "Trooper two roger uh its showing green on the panel but uh you're the only aircraft we've had in a long time so I don't really

know if its working or not." Except as expressly admitted herein, the United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26, and therefore denies them.

27.     The United States admits only that the transcript of communications between ADW and the pilot of Trooper 2 indicates that on September 28, 2008 at 0357:00 UTC, the pilot of Trooper 2 transmitted, "okay can I get an ASR approach in." Except as expressly admitted herein, the United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27, and therefore denies them.

28.     The United States admits only that an ASR approach is one in which the controller provides navigational guidance in azimuth only. Except as expressly admitted herein, the allegations of paragraph 28 are denied.

29.     The United States admits only that the transcript of communications between ADW and the pilot of Trooper 2 indicates that on September 28, 2008 at 0357:00, the ADW air traffic controller transmitted, "I don't have anybody to do that um I'm not current on that I can't do it." Except as expressly admitted herein, the allegations in paragraph 29 are denied.

30.     The United States denies the allegations in paragraph 30.

31.     The United States admits only that the helicopter operating as Trooper 2 impacted terrain, resulting in the deaths of three occupants as well as the pilot and that

one occupant survived with injuries. Except as expressly admitted herein, the allegations in paragraph 31 are denied.

32. The United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32, and therefore denies them.

## COUNT I

33. The United States incorporates by reference all of its answers to the paragraphs above into this paragraph as if fully restated herein.

34. The United States denies the allegations in paragraph 34.

35. The United States denies the allegations in paragraph 35.

36. The United States denies the allegations in paragraph 36.

37. The United States denies the allegations in paragraph 37.

38. The United States denies the allegations in paragraph 38.

39. The United States denies the allegations in paragraph 39.

## COUNT II

40. The United States incorporates by reference all of its answers to the paragraphs above into this paragraph as if fully restated herein.

41. The United States denies the allegations in paragraph 41.

42. The United States denies the allegations in paragraph 42.

43. The United States denies the allegations in paragraph 43.

The "Wherefore" clause is a prayer for relief and requires no response. To the extent a response is required, the allegations of the "Wherefore" clause are denied.

## GENERAL DENIAL

The United States denies all allegations of the Complaint not specifically admitted.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. The Court lacks subject matter jurisdiction over this matter under the Federal Tort Claims Act, 28 U.S.C. § 2680.

3. The injuries described in the Complaint were solely and proximately caused by the conduct of third persons or entities over which the United States had no control or right of control and for whom the United States is not legally responsible.

4. Any alleged liability on the part of the United States, which alleged liability is expressly denied, is barred or reduced by the negligence, gross negligence and/or other fault of the pilot-in-command, other employees of the State of Maryland, and/or other individuals.

5. In the event the United States is found to be at fault in this matter, which fault is expressly denied, fault should be apportioned among and allocated to all parties, nonparties, persons, or entities at fault, including, but not limited to, present and future parties.

6. In the event the United States is found to be at fault in this matter, which fault is expressly denied, the amount of damages recoverable by Plaintiffs, if any, is limited pursuant to any cap on damages under Maryland state law. Md. Code Ann., Cts. & Jud. Proc. § 11-108.

7. In the event the United States is found to be at fault in this matter, which fault is expressly denied, the amount of damages recoverable by Plaintiffs, if any, should be reduced by amounts collected by Plaintiffs from any source.

8. Plaintiffs are not entitled to costs or disbursements. 28 U.S.C. §§ 2412(b), 2412(d)(1)(A).

9. Plaintiffs are not entitled to prejudgment interest. 28 U.S.C. § 2674.

WHEREFORE, Defendant United States of America prays for judgment dismissing Plaintiffs' Complaint with prejudice and that Defendant United States be granted its costs of defense, and such other, further, or different relief to which it might otherwise show itself to be justly entitled.

Dated: June 3, 2010

        Respectfully submitted,

        TONY WEST
        Assistant Attorney General


        ROD ROSENSTEIN
        United States Attorney

        ALLEN LOUCKS
        Assistant United States Attorney

        <u>s/ Ashley E. Dempsey</u>
        ROBERT J. GROSS
        ASHLEY E. DEMPSEY
        Trial Attorneys
        Civil Division, Torts Branch
        U.S. Department of Justice
        P. O. Box 14271
        Washington, DC  20044-4271
        Tel: (202) 616-4024; Fax: (202) 616-4159
        Attorneys for Defendant
        United States of America

Of Counsel:
Bradley J. Preamble
Office of the Chief Counsel
Federal Aviation Administration
800 Independence Avenue, SW
Washington, DC 20591
Telephone: (202) 385-8223
E-mail: brad.preamble@faa.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3d day of June 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will be served this day on all counsel of record identified on the attached service list via transmission of the Notice of Electronic Filing generated by CM/ECF.

/s/ Ashley E. Dempsey

## SERVICE LIST

Robert D. Schulte, Esq.
SCHULTE BOOTH, P.C.
3001 Elliott Street
Baltimore, MD 21224
(410) 732-1315
Attorneys for Plaintiffs